IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH MOGAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00840-O-BP |
| UNITED STATES BUREAU OF PRISONS, *et al.*, | § § § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court in this medical malpractice case is Plaintiff Joseph Mogan's Complaint. ECF No. 1. Plaintiff is proceeding without an attorney in this case, which was referred to the undersigned under Special Order 3 on July 12, 2021. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice**.

Plaintiff has neither paid the filing fee nor moved for leave to proceed *in forma pauperis* in this matter. ECF No. 2. On July 15, 2021, the undersigned entered a Notice of Deficiency and Order directing Plaintiff to "either pay the $402.00 filing and administrative fees or submit a motion for leave to proceed *in forma pauperis*" by August 13, 2021. ECF No. 4 at 1. The Court warned Plaintiff that "[f]ailure to comply with this order may result in dismissal of the case without further notice." *Id.* To date, Plaintiff has neither responded to the Order nor filed any other pleading in this matter.

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for a plaintiff's failure to comply with a court order or failure to prosecute. *Larson v. Scott*,

157 F.3d 1030, 1031 (5th Cir. 1998) (citing Rule 41(b)). This draws from the Court's inherent authority to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A dismissal may be with or without prejudice. *See* Fed. R. Civ. P. 41(b). Dismissing with prejudice for failure to comply with a court order is generally improper unless the litigant's failure was "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Here, Plaintiff failed to comply with this Court's July 15 Order. *See* ECF No. 4. Absent compliance, this case cannot proceed. But the record does not indicate that Plaintiff's failure resulted from purposeful delay or contumacious conduct. Thus, the interests of justice and judicial efficiency support dismissing this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with a court order and failure to prosecute.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** September 8, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE